UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    CASE NO.: 14-34787-BKC-AJC
                                                                                          Chapter 7
**EVELIO ALVAREZ**
SSN: XXX-XX-8258

_____Debtor._____/

**NOTICE OF ISSUING SUBPOENA WITHOUT EXAMINATION TO THIRD PARTIES**

PLEASE TAKE NOTICE that pursuant to Rule 34(c) and Rule 45 of the Federal Rules of Civil Procedure, made applicable in this proceeding by Rule 7034 and Rule 9016 of the Federal Rules of Bankruptcy Procedure, Trustee, Joel L. Tabas, has issued the attached Subpoena to the records custodian of **Bank of America, N.A.** for immediate service and whose response is due within the time frame set forth therein.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 24, 2015, a true and correct copy of the foregoing was served via electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to:

Evelio Alvarez
4611 E 8TH COURT
Hialeah, FL 33013-2003

/s/ Jessika A. Graham
Jessika A. Graham
Fla. Bar No. 72452
Joel L. Tabas
Fla. Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for Trustee, Joel L. Tabas
One Flagler Building
14 Northeast First Avenue - PH
Miami, Florida  33132
Telephone:  (305) 375-8171
Facsimile:  (305) 381-7708
Jtabas@tabasfreedman.com

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

Miami Division

| | |
|---|---|
| In re:<br>EVELIO ALVAREZ<br>SSN: XXX-XX-8258<br><br>      Debtor(s).<br>_____/ | Case No. 14-34787-BKC-AJC<br><br>Chapter 7 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Bank of America, N.A.
    Legal Order Processing
    PO Box 15047
    Wilmington, DE  19850-5047

☐   *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| Tabas, Freedman & Soloff, P.A.<br>14 N.E. First Avenue, Penthouse<br>Miami, Florida 33132 | |

The examination will be recorded by this method: Court Reporter

■   *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

*Please see attached Schedule "A." Please mail or deliver legible copies of the items to be produced to Jessika A. Graham, Esquire by April 7, 2015 by 5:00 p.m.*

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 24, 2015

          CLERK OF COURT

          _____    */s/ Jessika Graham*
                                                      JESSIKA A. GRAHAM

The name, address, email address, and telephone number of the attorney representing who issues or requests this subpoena are:

Jessika A. Graham
Tabas, Freedman & Soloff, P.A.
14 N.E. 1st Avenue, PH, Miami, Florida  33132
Telephone:  305-375-8171  | Email:  jgraham@tabasfreedman.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for Bank of America, N.A. on March 24, 2015

■    I served the subpoena by delivering a copy to the named person as follows: U.S. Mail and Certified Mail, Return Receipt Requested.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $40.00.

I declare under penalty of perjury that this information is true and correct.

Date:    March 24, 2015

                                                          */s/ Aida McLaughlin*
                                                          Aida McLaughlin
                                                          Legal Assistant
                                                          Tabas, Freedman & Soloff, P.A.
                                                          14 NE First Avenue, Penthouse
                                                          Miami, FL 33131

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/13)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## SCHEDULE "A"

**DEFINITIONS:**

For purposes of responding to *duces tecum* request for deposition, the following definitions shall apply:

1. "Debtor," means EVELIO ALVAREZ and his/her agents, attorneys, accountants and representatives.

2. "You" or "Your" means Bank of America, N.A. and its agents, attorneys, accountants and representatives.

3. "Petition Date" means November 7, 2014.

4. "Petition" means the voluntary bankruptcy petition filed on November 7, 2014, which commenced this case.

5. "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including "deleted" files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by the Debtors and their backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROMS"s) or otherwise, whether such files have been reduced to paper

printouts or not.  This includes but is not limited to E-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer aided design) files, including drafts and revision; all presentation data or slide shows produced by presentation software (such as Microsoft Power Point); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDA s), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition.  Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

      6.    "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

      7.    "Interest" as used herein includes, but is not limited to, a sole or aggregation of rights, privileges, and powers to hold, possess, control, influence, exclude, or benefit from.  It includes any legally recognized right conferred upon an owner, shareholder, director, partner, limited partner, or by any other interest, legal or equitable, which allows the holder to control or otherwise influence or benefit from an entity or real or personal property.

      8.    "Any" means one or more.

      9.    "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document or otherwise that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

      10.    "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

      11.    "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the

LF-84 (rev. 12/01/13)

specified subject.  Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

      12.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

      13.    Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

      14.    "Year" means calendar year.

      15.    Unless otherwise provided, the applicable scope of time is from November 2010 to the present.

## SCHEDULE "A"

**PLEASE PROVIDE COPIES OF THE FOLLOWING:**

1. Any and all documents evidencing, relating to, or referring to the opening of any bank accounts in the Debtor's name including but not limited to applications, account signature cards, copies of driver licenses and/or other form of identification, identifying the authorized signers, and any other documents provided by the account owner for any accounts held by the Debtor including but not limited to the account number 000017039314.

2. Bank statements for account number 000017039314 from January 2009 through the date the account was closed.

3. All cancelled checks for account number 000017039314 from January 2009 through January 2011.

4. All wire transfers from account number 000017039314 from January 2009 through January 2011.

5. Any and all documents evidencing, relating to, or referring to the closing of any accounts in the Debtor's name or Husband's name.

LF-84 (rev. 12/01/13)